Judge Robertson
delivered the opinion of the Court.
Whether an action of replevin, is maintainable in any other description of cases, than those of distresses for rent, has not been direct-decided by the appellate court of this state, so far as We are informed. But, as the court has adjudicated on replevins for property, not taken by distress-, without having expressly settled this point; a tacit recognition’ of the right to prosecute an action of replevin, in other cases than distress, may be inferred. We. do’ not,. therefore, fed disposed in this case, to review, and, ascertain the doctrine on this subject, as no objection, is made to the right to maintain the action.
Tho nature, of this action and tho extent of the remedy.
Return of the sheriff. Dnf’ts plea. Motion to dismiss lor insufficiency of the security in plaintiff’s bond.
Suit dismissed.
Bond only necessary when there is restitution of the property.
The statutes of Virginia and Kentucky, do not apply. Character of the bond.
In action of replevin in the ‘detinet,’ if there be not restitution of the property, the bond given by plairuilf, is inoperative; the insufficiency of the security, therefore, no cause for dis missing the suit. The suit “is virtually an acl ion of detinue or trover.
*104 Nor are we now inclined, for the same reason, to decide whether a replevin inffhe “detinet” is maintainable. This suit was designed to be in the “detenuit.” It was brought for a horse, and bond was executed for the purpose of replevying the horse, and obtaining restitution; and if the horse had been delivered, the plaintiff, on succeeding, would have only obtained judgment for damages, for his detention; as in the “detenuit.” This may, therefore, be considered a suit in the “detenuit.”
The sh¿a¡tff returned on the writ, that hsfhad suffix moned i||jper, but could not find the hor.#e; consequently,|fe horse was not replevied to the jj^intiff, as was the fünf object of the suit, and as the writ directed. But, on the calling of the cause, Harper having plead “non cepit,”. moved the court to dismiss the suit, for want of sufficient security on the bond. It was admitted, that the security had left the state. But Baker refused to give other security, insisting, that as he had not obtained, and could not get the horse, the bond was not necessary. The court dismissed the suit; and the only question presented to this court, is, whether this decision was correct.
We think that it was not.
In the replevin in the “detinet,” pledges were not required in England, for the obvious reason that the defendant or avowant, retained the possession of the thing sued for. Bond was necessary, only when the thing was restored to the plaintiff by the officer, and was intended as an eventual indemnity to the other party, if he should succeed in the action.
The bond in this case cannot be statutory, because tho statute of Kentucky, and that of Virginia, of 1769, the only acts recollected, on the subject of actions of replevin, apply exclusively to replevins of property, distrained for rent in arrear, and require a bond on the restitution of the properly distrained. As, therefore, this case is not embraced by either of these statutes, and as .there seems to have been no occasion for bond and security, when it was ascertained, that the horse could not be replevied, the bond,, was “functus officio.” The bond in such a suit as this, is literally a replevin *105 bond. .Sí éught not to be effectual until t]ii@ property |s. nepleffl^. and is not obligatojKRiAntifc^^glitation. It is nofljpicessary at all in such a|ljP»
Turner, for plaintiff.
Without surrendering the hoi^, Harper, had no right to demand a bond; and cannot be injured, by the ipsufficiency of the security.
The. horse not having been restored, this suit is virtually an action of detinue or trover, and Harper has no more right to bond and security, than-he would" have in either of these latter cases.
The court, therefore, erred in dismissing the suit; and the judgment reversed for that cause, and the case remanded for further prosecution.